**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARTHA TOLEDO, | CASE NO. 5:10-cv-03821 EJD |
| Plaintiff(s), | **ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |
| v. | |
| KELLER KING & ASSOCIATES, INC., | [Docket Item No. 17] |
| Defendant(s). | |

Presently before the Court is Plaintiff Martha Toledo's ("Plaintiff") Motion for Default Judgment ("Motion") against Defendant Keller King & Associates, Inc. ("Defendant"). To date, Defendants have not filed an opposition to the Motion or otherwise appeared in this proceeding. Pursuant to Local Rule 7-1(b), the court determined this motion was suitable for decision without oral argument and therefore vacated the previously-scheduled hearing. Having reviewed Plaintiff's pleadings and the applicable legal authorities, the Motion will be denied for the reasons which follow.[1]

## I.   FACTUAL AND PROCEDURAL BACKGROUND

The entirety of Plaintiff's operative allegations are contained in two sentences. Plaintiff contends Defendant "places collection calls to Plaintiff seeking and demanding payment for an alleged debt." See Complaint ("Cmplt."), Docket Item No. 1, at ¶ 12. Plaintiff also alleges that

---

[1] This disposition is not intended for publication in the official reports.

1  Defendant "places collection calls to Plaintiff and fails to disclose that the call is from a debt
2  collector." See id. at ¶ 13.

3  On August 26, 2010, Plaintiff filed an original Complaint in this court alleging two causes of
4  action for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et.
5  seq., and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788, et.
6  seq. Defendant's default was then entered by the Clerk on April 12, 2011. See Docket Item No. 15.
7  Plaintiff now requests this court enter judgment against Defendant.

## II.   DISCUSSION

### A.   Legal Standard

Pursuant to Federal Rule of Civil Procedure 55(b), the court may enter default judgment against a defendant who has failed to plead or otherwise defend an action. "The district court's decision whether to enter default judgment is a discretionary one." Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). The Ninth Circuit has provided seven factors for consideration by the district court in exercising its discretion to enter default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of dispute concerning material facts; (6) whether default was due to excusable neglect and; (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). When assessing these factors, all factual allegations in the complaint are taken as true, except those with regard to damages. Televideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987).

District courts also have an affirmative duty to examine their own jurisdiction when entry of judgment is sought, and must also determine whether the party in default has been properly served. See In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999).

As can be seen from the discussion which follows, jurisdiction is proper in this court, but evidence of proper service is insufficient. Moreover, an examination of two of the Eitel factors reveal that the current state of Plaintiff's Complaint does not support entry of judgment. The Motion must therefore be denied.

### B. Subject Matter Jurisdiction

District courts have original jurisdiction to hear civil actions that present a federal question. 28 U.S.C. § 1331(a). Here, the face of the Complaint presents a federal question since Plaintiff's first claim arises under a federal statute, namely the FDCPA. See Cmplt. at ¶¶ 16-19. Thus, a basis for federal jurisdiction exists and the court may exercise supplemental jurisdiction over Plaintiff's second claim under the RFDCPA. See 28 U.S.C. § 1367.

### C. Personal Jurisdiction

As the party seeking to invoke the court's jurisdiction, Plaintiff must establish the basis for personal jurisdiction over Defendant. See Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986). Notably, Plaintiff's Motion is silent as to this issue. According to the Complaint, Defendant is a debt collector based in Jacksonville, Florida, which conducts business in California. See Cmplt. at ¶¶ 4, 9. Thus, in order for this court to exercise jurisdiction over Defendant, "that defendant must have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 801 (9th Cir. 2004) (internal citations omitted). A determination of jurisdiction based on 'minimum contacts' requires a three-step analysis:

> (1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privileges of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

Core-Vent Corp. v. Nobel Industries AB, 11 F.3d 1482, 1484 (9th Cir. 1993).

#### 1. Purposeful Availment

In order to establish 'purposeful availment,' Plaintiff must demonstrate that defendant "engage[d] in some form of affirmative conduct allowing or promoting the transaction of business within the forum state." Gray & Co. V. Firstenberg Mach. Co., 913 F.2d 758, 760 (9th Cir. 1990). A defendant purposefully directs activity at a forum state when he "(1) commit[s] an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be

3
CASE NO. 5:10-cv-03821 EJD
ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (EJDLC1)

1   suffered in the forum state." Schwarzenegger, 374 F.3d at 805. "The touchstone is whether the
2   'defendant's conduct and connection with the forum State are such that he should reasonably
3   anticipate being haled into court there.'" Gordy v. Daily News, L.P., 95 F.3d 829, 832 (9th Cir.
4   1996) (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980)). "The
5   requisite connection, however, need not involve physical entry into the forum." Id. (citing Burger
6   King Corp. v. Rudzewicz, 471 U.S. 462, 476 (1985)).

7       Looking at the Complaint, Plaintiff's allegations, while skeletal, are sufficient to demonstrate
8   purposeful availment. Plaintiff alleges that Defendant "places collection calls to Plaintiff seeking
9   and demanding payment." See Cmplt. at ¶ 12. These telephone calls made by Defendant to Plaintiff
10  qualify as an intentional act. And when the allegation is read in conjunction with prior portions of
11  the Complaint, specifically that Plaintiff resides in San Jose, it demonstrates that Defendant's actions
12  were "expressly aimed" toward California, a fact Defendant presumably understood when placing
13  the calls. Dole Food Co., Inc. v. Watts, 303 F.3d 1104, 1111 (9th Cir. 2002) (clarifying that the
14  "expressly aimed" requirement is met if "the defendant is alleged to have engaged in wrongful
15  conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state"); see
16  also Bancroft & Masters, Inc. v. Augusta Nat'l, Inc., 223 F.3d 1082, 1087 (9th Cir. 2000)
17  ("Subsequent cases from this circuit bear out the conclusion that 'express aiming' encompasses
18  wrongful conduct individually targeting a known forum resident."). Even though Defendant's
19  employees never physically entered this state, the conduct alleged created a sufficient connection to
20  this forum such that Defendant could anticipate having to defend litigation in California. See
21  Paradise v. Robinson & Hoover, 883 F. Supp. 521, 525 (D. Nev. 1995) ("[I]t is well settled that a
22  single contact with the forum state, not involving the physical presence of the defendant, can be a
23  sufficient basis upon which to establish jurisdiction over the defendant.").

24      **2.    Arises Out Of or Relates To**

25      The second factor of the 'minimum contacts' test requires that the claim be one that 'arises
26  out of or relates to' defendant's activities in the forum. Core-Vent Corp., 11 F.3d at 1484. Here,
27  Plaintiff's claim for violations of federal and state debt collection statutes plainly arises out of the
28  Defendant's conduct directed toward this forum. Indeed, Defendant's phone calls to Plaintiff in

4
CASE NO. 5:10-cv-03821 EJD
ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (EJDLC1)

California form the entire basis of this lawsuit.

### 3. Reasonability

The final factor requires jurisdiction in this forum be reasonable in that it comports with fair play and substantial justice. Id. For this requirement, courts generally "presume that an otherwise valid exercise of specific jurisdiction is reasonable." Ballard v. Savage, 65 F.3d 1495, 1500 (9th Cir. 1995). "The burden of convincing [the court] otherwise is on the [defendant]." Id. Here, Defendants did not respond to the Motion and have not otherwise submitted information to suggest to that personal jurisdiction is unreasonable. Accordingly, the presumption of reasonableness prevails.

### D. Service of Process

The court must assess whether Defendant was properly served with notice of this action. For a corporate defendant, service must be effectuated in accordance with Federal Rule of Civil Procedure 4(h). Thus, a corporation may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). Service may also be effected by any method authorized under the law of the state in which the district court is located, in this case California, or in which service was made, which here is Florida. Fed. R. Civ. P. 4(h)(1)(A).

California Code of Civil Procedure provides for service of process on corporations through its officers, including any "general manager," but if none of those individuals can be served, by leaving a copy of the summons and complaint during office hours with a "person who is apparently in charge," and thereafter mailing a copy of the summons and complaint by U.S. Mail. Cal. Code Civ. Proc. § 415.20. The Florida Civil Procedure Code contains similar requirements. Under Florida law, service upon a corporation can be made by serving process on the president, vice president, the cashier, treasurer, secretary, general manager, any director, any officer or business agent residing in the state. Fla. Stat. § 48.081(1)(a-d). But in the event an inferior officer of the corporation is served, the proof of service must show that all superior officers designated in the statute were absent when service was attempted. Bank of America, N.A. v. Bornstein, 39 So. 3d 500, 503 (Fla. Dist. Ct. App. 2010).

1   According to the court's docket, Plaintiff served the Summons and Complaint on an
2 individual named Duane C. Romanello in Jacksonville, Florida, on September 1, 2010.  See Docket
3 Item No. 14.  But neither the Proof of Service, Plaintiff's motion for clerk's entry of default, nor this
4 Motion identify Romanello's position within Defendant or indicate whether Romanello was
5 authorized to accept service on behalf of Defendant.  In fact, Romanello's name does not appear on
6 any other document on the docket.  This information is critical to this analysis since Romanello's
7 role within Defendant, if he has one at all, is determinative of whether or not service was properly
8 effectuated.  Under both California and Florida law as stated above, personal service on a corporate
9 principal is complete upon delivery, but service on an lower ranking individual requires a
10 subsequent mailing.  Without more information about Romanello, the court cannot confirm that
11 service was proper here.

12   Because service of the summons does not comply with Federal Rule of Civil Procedure 4(h),
13 the court must vacate the entry of default inasmuch as service of process has not yet been properly
14 demonstrated through a complete proof of service sufficiently detailed to satisfy the court.  This
15 defect in turn requires the court to deny Plaintiff's Motion without the need for further analysis as
16 entry of default is a necessary precursor to default judgment.  But although unnecessary, the court
17 nonetheless finds it expedient to examine two of the Eitel factors as doing so may compel Plaintiff to
18 amend her pleading before proceeding with this case further.

19   **E.   Merits of Claims and Sufficiency of the Complaint**

20   The second and third Eitel factors require the court to determine whether Plaintiff's
21 Complaint contains sufficient facts to establish and succeed on the claims.  See Danning v. Lavine,
22 572 F.2d 1386, 1388 (9th Cir. 1978).  But while the factual allegations in the complaint are generally
23 taken as true, "a defendant is not held to admit facts that are not well-pleaded or to admit
24 conclusions of law." DIRECTV, Inc. v. Huynh, 503 F.3d 847, 854 (9th Cir. 2007) (holding factual
25 allegations which merely parrot the terms of the statute at issue are not sufficiently plead to sustain
26 default judgment).

27   **1.   Count I: FDCPA**
28   A plaintiff must allege facts that establish the following in order to plead a sufficient claim

under the FDCPA: (1) plaintiff has been the object of collection activity arising from a consumer debt; (2) the defendant qualifies as a "debt collector" under the FDCPA; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA. See, e.g., Frazier v. Absolute Collection Serv., Inc., 767 F. Supp. 2d 1354, 1363 (N.D. Ga. 2011); McCorriston v. L.W.T., Inc., 536 F. Supp. 2d 1268, 1278 (M.D. Fla. 2008); Fenn v. CIR, Law Offices, No. 1:10-CV-01903-OWW-SMS, 2011 WL 850131, 2011 U.S. Dist. LEXIS 23141, at *5 (E.D. Cal. Mar. 8, 2011).

### i. Debt Collection Activity Arising from Consumer Debt

The first element has two basic requirements: (1) there must be collection activity and (2) this activity must relate to a consumer debt. Frazier, 767 F. Supp. 2d at 1363. While the "FDCPA does not expressly define 'collection activity,' courts construe the definition broadly to effect the purpose of the statute. See Sanz v. Fernandez, 633 F. Supp. 2d 1356, 1359 (S.D. Fla. 2009). As to the second requirement, a debt is "any obligation or alleged obligation of a consumer to pay money arising out of a transaction . . . [that is] primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5).

Here, the court finds that Plaintiff's minimal allegations are sufficiently plead to meet the first requirement of showing "collection activity" since Plaintiff contends Defendant contacted her by telephone to collect a debt. See Cmplt. at ¶ 12. In contrast, Plaintiff's allegations for the second requirement are plainly deficient. Plaintiff simply states in the complaint that Defendant placed collection calls since "according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. §1692a(5) and Cal. Civ. Code § 1788.2(h)." Id. at ¶¶ 7, 12. There is not a description of the debt owed, where it was allegedly incurred, or why it qualifies as a personal, family or household debt as required by § 1692a(5). Moreover, there are no allegations which explain the absence of that information from the complaint. Without more, Plaintiff's reference to the statute that defines a qualifying debt for purposes of the FDCPA is a legal conclusion, not a well-pleaded allegation. See Huynh, 503 F.3d at 854. Since the court cannot determine whether the nature of the debt is appropriate for liability under the FDCPA, the could would deny Plaintiff's Motion even if service of process had been appropriately demonstrated.

7
CASE NO. 5:10-cv-03821 EJD
ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (EJDLC1)

### ii. Debt Collector

In addition to the requirements discussed above, Plaintiff must also "allege that the defendant is a 'debt collector' collecting a 'debt.'" Izenberg v. ETS Servs., LLC, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008) (quoting Ines v. Countrywide Home Loans, Inc., No. 08-cv-1267 WQH (NLS), 2008 WL 4791863, 2008 U.S. Dist. LEXIS 88739, *7 (S.D. Cal. Nov. 3, 2008)).  A "debt collector" under the FDCPA is either (1) "a person" the "principal purpose" of whose business is the collection of debts; or (2) "a person" who "regularly" collects debts on behalf of others. 15 U.S.C. § 1692a(6).

Plaintiff's allegations as to Defendant's role as "debt collector" fail for the same reason as her "debt" allegations.  Plaintiff alleges that "Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(5) and Cal. Civ. Code § 1788.2(c)." See Cmplt. at ¶ 8.  This legal conclusion is insufficient and has been rejected by other courts examining the same allegation. See Martinez v. Quality Loan Serv. Corp., No. CV 08-07767, 2009 WL 586725, 2009 U.S. Dist LEXIS 21920, at *8-9 (C.D. Cal. Feb. 10, 2009).  Additional factual information supporting Defendant's role as a debt collector is important because there are "debt collectors" that courts have treated as exempt from the FDCPA, such as mortgage servicers. See, e.g., Mansour v. Cal-Western Reconveyance Corp., 618 F. Supp. 2d 1178, 1182 (D. Ariz. 2009).  For this reason, allegations describing both the type of debt and the frequency of the collection attempts are necessary to plead that Defendant is a "debt collector" under the FDCPA. See 15 U.S.C. § 1692a(5).

### 2. Count II: RFDCPA

Under the RFDCPA, a "consumer debt" is "money, property, or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer transaction." Cal. Civ. Code § 1788.2(f).  A "consumer credit transaction" is one between a natural person and another person in which property, services or money is acquired on credit by that natural person from such other person "for personal, family, or household purposes." Cal. Civ. Code § 1788.2(e). Thus,  the RFDCPA,  like the FDCPA,  requires the debt subject to collections must be one relating to personal, family, or household purposes. Compare Cal. Civ. Code § 1788.2 with 15 U.S.C § 1692a(5).

The RFDCPA also applies only to "debt collectors," although the definition is broader than

8
CASE NO. 5:10-cv-03821 EJD
ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (EJDLC1)

United States District Court
For the Northern District of California

that provided by its federal equivalent. See Martinez, 2009 WL 586725, 2009 U.S. Dist. LEXIS 21920, at *10. The RFDCPA defines a "debt collector" as "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection." Cal. Civ. Code § 1788.2(c).

Based on these portions of the Act, Plaintiff's claim faces the same issues as her claim under the FDCPA. Indeed, it is not entirely clear that the debt at issue was related to a "consumer credit transaction" as that term is defined under Cal. Civ. Code § 1788.2(e). Moreover, there are no "well-pleaded" allegations that Defendant regularly engages in debt collection activity or qualifies as a debt collector. Like her federal claim, Plaintiff has provided only legal conclusions.

In conclusion, the court finds that Plaintiff's allegations under the FDCPA and RFDCPA are insufficient to support entry of default judgment against Defendant. Plaintiff must develop the factual allegations consistent with the discussion above before the court can consider another similar motion.

### III.  ORDER

Based on the foregoing:

1. Plaintiff's Motion for Default Judgment is DENIED and the Clerk's Entry of Default is VACATED as service of process has not been sufficiently demonstrated;

2. If Plaintiff intends to pursue this case, any amendments to the complaint based on this Order shall be accomplished on or before October 12, 2011. The amended complaint shall thereafter be served on or before October 26, 2011. The court will issue an Order to Show Cause for failure to prosecute if Plaintiff does not proceed as stated in this Order or otherwise demonstrate good cause to extend these deadlines.

3. The court further sets this case for a Case Management Conference on January 6, 2012, at 10:00 a.m. A Joint Case Management Statement is due on or before December 30, 2011.

**IT IS SO ORDERED.**

Dated: September 26, 2011

EDWARD J. DAVILA
United States District Judge

CASE NO. 5:10-cv-03821 EJD
ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (EJDLC1)